United States District Court
for the
Southern District of Florida

| Yvonne A. Bello, Plaintiff, | ) | |
| --- | --- | --- |
| | ) | |
| v. | ) | |
| | ) | Civil Action No. 19-22042-Civ-Scola |
| Miami-Dade Police Department/Miami-Dade County, Defendant. | ) ) ) ) | |

### Order Granting Defendant's Motion to Dismiss

This matter is before the Court on Defendant's motion to dismiss the Plaintiff's complaint. (ECF No. 14.) The Plaintiff filed an opposition (ECF No. 17) and the Defendant timely replied (ECF No. 18.) Having considered the record, the parties' submissions, and the applicable law, the Court **grants** the Defendant's motion. (**ECF No. 14**.)

### I. Background

The Plaintiff was a police dispatcher for the Miami-Dade Police Department. (ECF No. 6 at ¶ 11.) On March 27, 2019, the Plaintiff filed a four-count complaint for disability discrimination under the Americans with Disabilities Act (ADA), retaliation under the ADA, retaliation under the Family and Medical Leave Act (FMLA), and interference with rights under the FMLA. (ECF No. 1-1.) According to the complaint, the Plaintiff has diabetes, anxiety, and depression and thus falls within the class of individuals protected by the ADA. (ECF No. 6 at ¶¶ 12-13.) At some point, and for some unspecified amount of time, the Plaintiff took approved FMLA leave. (*Id.* at ¶ 14.) According to the complaint, while she was on leave, she received several disciplinary actions. (*Id.* at ¶ 16.) On November 25, 2014, Plaintiff received a five-day suspension for tardiness; on February 18, 2015, Plaintiff received a ten-day suspension for tardiness; and on March 23, 2015, Plaintiff received a disciplinary action report. (*Id.* at ¶¶ 17-19) Plaintiff then filed an EEOC complaint. (*Id.* at ¶ 21.) In retaliation, Plaintiff was harassed and disciplined. (*Id.* at ¶ 22.)

On March 21, 2017, the Plaintiff was again suspended for ten days due to tardiness. (*Id.* at ¶ 23.) On June 13, 2017, Plaintiff was issued a record of counseling. (*Id.* at ¶ 24.) On January 18, 2017, the Plaintiff requested an accommodation in the form of allowing her to combine breaks, but she never received a response to the request. (*Id.* at ¶¶ 26-27.) On June 13, 2017, Lt. Andy Valdes informed Plaintiff that she was no longer allowed to sign up for overtime.

(*Id.* at ¶ 28.) According to the Plaintiff's allegations, she was terminated because of her disability and in retaliation for her complaints and requests for accommodation. (*Id.* at ¶ 32.)

## II.     Legal Standard

Federal Rule of Civil Procedure 8(a) requires "a short and plain statement of the claims" that "will give the defendant fair notice of what the plaintiff's claim is and the ground upon which it rests." Fed. R. Civ. P. 8(a). The Supreme Court has held that "[w]hile a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555 (2007) (internal citations omitted).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal,* 556 U.S. 662 (2009) (quotations and citations omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Thus, "only a complaint that states a plausible claim for relief survives a motion to dismiss." *Id.* at 1950. When considering a motion to dismiss, the Court must accept all of the plaintiff's allegations as true in determining whether a plaintiff has stated a claim for which relief could be granted. *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984). For purposes of Rule 12(b)(6), a court generally may not look beyond the pleadings, which includes any information attached to a complaint. *U.S. ex. Rel. Osheroff v. Humana, Inc.*, 776 F.3d 805, 811 (11th Cir. 2015) (internal citations omitted).

## III.    Analysis

The Defendant moves to dismiss the complaint on the following four grounds: (1) it is a shotgun pleading and fails to comply with Rules 8 and 10; (2) the claims premised on discriminatory or retaliatory intent fail because Plaintiff does not plausibly allege intentional discrimination or retaliation; (3) Plaintiff's FMLA claims are time-barred; and, (4) to the extent that we can reasonably construe Plaintiff's claims at all, she does not state a plausible claim for relief. (ECF No. 14 at 2.) The Plaintiff's response does not even bother to address arguments two through four raised by the Defendant. (ECF No. 17.) The Plaintiff's response only addresses the shotgun pleading arguments raised in the Defendant's first grounds for dismissal. Because the Plaintiff fails to address the Defendant's arguments regarding the merits of her claims, the Court "considers

[the Plaintiff] to have therefore abandoned these claims." *Bailey v. Carnival Corp.*, 369 F. Supp. 3d 1302, 1311 n.3 (S.D. Fla. 2019) (Scola, J.). Upon careful review, the Court agrees with the Defendant and dismisses the Plaintiff's complaint on the merits. Although the Plaintiff has forfeited these arguments, the Court will address the Defendant's arguments below.

### A. Count I – ADA discrimination claim

To state a claim for discrimination under the ADA, a plaintiff must allege: "(1) that he is a qualified individual with a disability; (2) that he was excluded from participation in or … denied the benefits of the services, programs, or activities of a public entity or otherwise discriminated [against] by such entity; (3) by reason of such disability." *Shotz v. Cates*, 256 F.3d 1077, 1079 (11th Cir. 2001) (internal citations and quotations omitted). The ADA only protects "qualified individuals" with disabilities, whom the Act defines as individuals who "can perform the essential functions of the employment positions that such individuals holds or desires" with or without a reasonable accommodation. 28 U.S.C. § 12111(8). "If the individual is unable to perform an essential function of his . . . job, even with an accommodation, he is, by definition, not a qualified individual and, therefore, not covered under the ADA." *D'Angelo v. ConAgra Foods, Inc.*, 422 F.3d 1220, 1229 (11th Cir. 2005).

The Plaintiff's complaint fails to allege that she is a "qualified individual" that can perform the job's essential functions. The complaint alleges that there were at least three instances were the Plaintiff was suspended for tardiness. (ECF No. 6 at ¶¶ 17, 18, 23.) As argued by the Defendants, the ADA does not exempt disabled employees from attendance requirements, generally considered an essential job function. *See Davis v. Florida Power & Light Co.*, 205 F.3d 1301, 1306 (11th Cir. 2000) (noting that "job presence [ ] has been held to be an essential function of a job"). Therefore, the fact that the Plaintiff's tardiness may have been caused by her disability does not shield her from her employer's attendance and timeliness requirements. *See Jackson v. Veterans Admin.*, 22 F.3d 277, 279 (11th Cir. 1994) ("The district court correctly reasoned that Jackson has failed to prove he is an otherwise qualified individual because he has failed to satisfy the presence requirement of the job."). Because the Plaintiff failed to allege that she is a qualified individual, Count I is due to be dismissed.

### B. Count II – ADA retaliation claim

Count II is titled "retaliation in violation of the ADA." (ECF No. 6 at 7.) In order to assert a claim for retaliation under the ADA, a plaintiff must demonstrate that "(1) she engaged in statutorily protected expression; (2) she suffered an adverse . . . action, and (3) the adverse action was causally related

to the protected expression." *Shotz*, 344 F.3d at 1180. "To prove a causal connection, we require a plaintiff only to demonstrate that the protected activity and the adverse action were not *wholly unrelated.*" *Id.* at 1180 n.30. "The burden of causation can be met by showing close temporal proximity between the statutorily protected activity and the adverse employment action. But mere temporal activity, without more, must be very close. A three or four month disparity between the statutorily protected expression and the adverse employment action is not enough." *Thomas v. Cooper Lighting, Inc.*, 506 F.3d 1361, 1364 (11th Cir. 2007).

Other than her conclusory assertion that "Defendant retaliated against Plaintiff for exercising rights protected under the ADA," the Plaintiff fails to show that the adverse action, whether it was termination or something else, was causally related to the protected conduct. The Plaintiff's complaint does not specify what "protected expression" she engaged in or "adverse action" was taken against her. Based on the Court's liberal construction of the Plaintiff's allegations, the Court will assume that the protected conduct is the filing of an EEOC complaint and the adverse action was anything that occurred afterwards. The filing of the first EEOC complaint occurred on March 30, 2015. (ECF No. 6 at ¶ 21.) The complaint alleges that on November 2, 2016, the Plaintiff was informed by a supervisor that she was no longer allowed to combine her breaks. (*Id.* at ¶ 25.) On June 13, 2017, she was issued a record of counseling due to conduct and she was informed that she was no longer able to sign up for overtime. (*Id.* at ¶¶ 24, 28.) She then filed another EEOC complaint July 10, 2017. (*Id.* at ¶ 29.) Plaintiff was later discharged, although she does not specify the date of discharge. None of these actions are temporally "close" to the March 30, 2015 filing of the EEOC complaint. Moreover, the Plaintiff does not even allege when she was terminated, making it impossible for the Court to determine if any adverse action was taken after the second EEOC complaint. Accordingly, the Court will dismiss Count II for failure to allege causation.

### C. Counts III and IV – Claims under the FMLA

The Defendant moves to dismiss Counts III and IV on a number of grounds, including that the Plaintiff fails to state a claim for relief. (ECF No. 14 at 15-17.) Again, the Plaintiff fails to respond to the Defendant's arguments. "The FMLA creates two types of claims to preserve and enforce the rights it creates: interference claims, in which an employee asserts that his employer denied or otherwise interfered with [her] substantive rights under the Act, and retaliation claims, in which an employee asserts that [her] employer discriminated against [her] because he engaged in activity protected by the Act." *Brisk v. Shoreline Found, Inc.*, 654 F. App'x 415, 416 (11th Cir. 2016). Count III is titled "retaliation

under the FMLA." (ECF No. 6 at 8.) "To establish a claim of FMLA retaliation, an employee must demonstrate that [her] employer intentionally discriminated against [her] for exercising a right guaranteed under the FMLA." *Brisk*, 654 F. App'x at 416. To establish a prima facia case of FMLA retaliation, an employee must show that "(1) [she] engaged in statutorily protected activity; (2) [she] suffered an adverse decision, and (3) the decision was causally related to the protected activity." *Id.* Like in the ADA context, close temporal proximity can be used to show a causal connection between the adverse action and the employee's protected conduct. *Id.* "The Supreme Court has indicated that the temporal proximity between the employer's knowledge of protected activity and an adverse action must be very close." *Id.*

Here, Count III alleges that the Plaintiff took FMLA leave and, while on leave, was subject to disciplinary action by the Defendant. (ECF No. 6 at 9.) The Plaintiff does not allege the dates of her leave or which disciplinary actions she is referring to in Count III. The complaint's "facts" section has a list of disciplinary actions, but it is impossible for the Court to discern which ones took place during her leave because the Plaintiff has not included the dates of her leave. The Plaintiff has also failed to establish a causal connection between the adverse actions, whatever those may be, and the FMLA leave. Without the relevant detail regarding the Plaintiff's leave, there is no way to determine if the adverse action and the leave were close in time. Accordingly Count III must fail.

Count IV, FMLA interference, must be dismissed for similar reasons. "FMLA's interference provision makes it unlawful for an employer to interfere with, restrain, or deny the exercise of or the attempt to exercise any substantive FMLA right. An FMLA interference claim requires the plaintiff to show that [she] was entitled to a benefit denied by the defendant." *Brisk,* 654 F. App'x at 417. Count IV of the Plaintiff's complaint alleges that she was "not allowed to partake in certain activities as she was prior to taking leave." (ECF No. 6 at ¶ 69.) The Plaintiff does not specify what activities she is referring to. To the extent that she is referring to the November 2016 decision that she was no longer allowed to combine breaks (*id.* at ¶ 25) or the June 2017 decision that she was no longer allowed to sign up for overtime (*id.* at ¶ 28), the Plaintiff fails to allege that she was entitled to these benefits or that others in her position were given these benefits while she was not. Moreover, it is still unclear when she took leave and when she came back to work. Accordingly, the Court must dismiss Count IV for failure to state a claim.

IV. **Conclusion**

Based on the foregoing, the Court **grants** the Defendant's motion to dismiss. (**ECF No. 14.**) The Court **dismisses** the Plaintiff's complaint (**ECF No.**

**6**) without leave to amend. *See Wagner v. Daewoo Heavy Indus. Am. Corp.*, 314 F.3d 541, 542 (11th Cir. 2002) ("A district court is not required to grant a plaintiff leave to amend his complaint sua sponte when the plaintiff, who is represented by counsel, never filed a motion to amend nor requested leave to amend before the district court.") The Clerk is directed to **close** this case. All pending motions, if any, are denied as **moot**.

**Done and ordered** in chambers at Miami, Florida on September 25, 2019.

_____
Robert N. Scola, Jr.
United States District Judge